Statement of the Case.
MONROE, O. J.
By a judgment of this court which became final in the spring or early summer of this year, Mrs. Prances Valenzano Pizzati was .recognized as the widow in community, and Robert Woodville as the universal legatee of Salvatore Pizzati, and the ease was “remanded for further evidence on the opposition of H. H. Newman” (claiming as a creditor of the decedent). Thereupon, on June 15, the widow, the legatee, and the executor appeared before a notary, and the two first mentioned declared that they desired “to partition certain assets in the succession,” which they proceeded to enumerate, and which, after the deduction of certain amounts, due to, or reserved for, creditors, were valued at $63,191.30, and were delivered by the executor to the parties, respectively, share and share alike, and as agreed on.
Thereafter, on June 29, the same two parties, together with the executor, presented a petition to the district court in which they alleged:
“That the Supreme Court * * * has decided that, after payment of all the debts and charges of this estate, the residue should be divided equally between Mrs. Frances Valenzano, widow, * * * and Robert Woodville, legatee; * * * that the said judgment * * * is now- final, and has been made the judgment of this court; that there should be a judgment of this court herein, recognizing Mrs. Prances Valenzano, widow in community, * * * and Robert Woodville, legatee, as owners, in the proportion of one undivided half each of all the property * * * in the state of Louisiana left by the deceased, Salvatore Pizzati, particularly as follows: [then follows the enumeration and description of a certain piece of real estate on Canal street in New Orleans, and the allegations that all the debts have been paid with the exception of the contested claim of H. H. Newman, for which $1,000 have been reserved, and the prayer for] judgment herein, recognizing Mrs. Prances Valenzano, widow in community * * * ' and Robert Woodville, legatee, as the sole and only owners, in the proportion of one undivided half, each, of all the property * * * situated in the state of Louisiana, left by the deceased, Salvatore Pizzati, particularly the property hereinbefore described,” etc.
—which judgment was rendered as prayed for.
On July 12 following, the executor filed another, ex parte, petition, setting forth the judgment which had been so obtained, alleging that, having seizin, he was charged *499 with the delivery to the widow in community and the universal legatee of all the assets of the succession, further alleging that the decedent had left “a plot of ground, with a tomb thereon, described as plot ‘No. 1 in block B’ in the Metairie Cemetery * * • acquired by fealvatore Pizzati from the Metairie Ceme.tery Ass’n on July 15, 1902, and had left also a contract entered into in perpetuity by the said Salvatore Pizzati and the Metairie Cemetery Ass’n, dated June, 1903, and that there should be a judgment herein describing this property and sending the owners thereof into possession”; and praying that there be judgment recognizing the widow and the legatee as the owners of said lot and tomb, in the proportions of an undivided half interest to each.
And there was judgment so recognizing .said parties and sending them into possession, from which judgment the widow took the appeal, the motion of the executor and of the legatee to dismiss which is now the subject of consideration.
After alleging the various proceedings and judgments as hereinabove set forth, the movers further allege:
“That the judgment from which the appeal is taken * * • only carries out and makes ex-ecutory the prior judgments of the Supreme Court and of the civil district court, in recognizing the widow * * * and the universal legatee as the owners, in the proportions of one undivided half, each, of certain property, not described in full in the judgment on page 12 of the transcript [being the judgment of the civil district court last above mentioned], but which was covered by the terms of said judgment, including property of every kind, nature and description left by the deceased. That all the issues have been settled' and decided in this cause save and except the claim of Horace H. Newman, and there is nothing for this court to' pass on, and that no appeal can be taken from the judgment herein, which only carries out the decree of the Supreme Court and is only an amplification of this judgment secured upon the petition of Mrs. Salvatore Pizzati * * * and only presents a moot question of law and fact.”
Opinion.
[1] It is nowhere suggested that the lot and tomb in question were ever inventoried, or, save in the petition of the executor upon which the judgment appealed from is predicated, have ever been taken into account as the property of Pizzati’s succession; and, as the appellant was not a party to that petition, and. has never been afforded an opportunity to controvert its allegations, it.follows that she is within her rights in taking this appeal, since the judgment appealed from, rendered without any request from or notice to her, purports to fix the status of the lot and tomb as succession property, and to decree her to be the owner thereof in indivisión with the universal legatee. It may be that when it is shown contradictorily with her to be succession property she will find herself bound, quoad her interest, by the judgments which preceded the judgment appealed from, but that showing has not yet been made, and she is not yet so bound.
The motion to dismiss the appeal is, accordingly, overruled.